[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 116
The defendants object to the plaintiff's motion for summary judgment on the ground that there exists a genuine issue of material fact with regard to whether the FHA mortgage obligation was properly accelerated pursuant to the regulations of Secretary of Housing and Urban Development ("HUD"), 24 C.F.R. § 203.355
and 203.605. Under the regulations, mortgagees are required to document monthly evaluations of mortgagors in default to determine which loss mitigation tools are appropriate, if any, and maintain such documents supporting loss mitigation efforts. In addition, mortgagees are required, at a minimum, to evaluate all loss mitigation techniques when three full monthly installments due on the mortgage remain unpaid. See24 C.F.R. § 203.605. Finally, the mortgagee must, within nine months of the default, take one action of an enumerated list of actions under the regulations. See 24 C.F.R. § 203.355. The defendants argue that the plaintiff did not contact the defendants regarding any loss mitigation techniques as required under the regulations.
The plaintiff, on the other hand, provided an affidavit of Gloria Ibanez, Senior Foreclosure Specialist of the servicing agent for the plaintiff, in support of its motion for summary judgment. The affiant indicated that "[t]he plaintiff has complied with all applicable regulations of the Secretary of Housing and Urban Development prior to commencing this forclosure action, and the plaintiff was authorized by said regulations to accelerate. The subject loan and commence this foreclosure action." The plaintiff's complaint makes no reference to the number of payments the defendants were in arrears before acceleration and foreclosure; nor does the complaint, or any CT Page 11800 other pleadings or documents in support thereof, indicate that the plaintiff did in fact comply with the HUD regulations.
Therefore, since the plaintiff has not met its burden of demonstrating the absence of any genuine issue of material fact, see Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, ___ A.2d ___ (1997), and since the defendants have provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact, see Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 697 A.2d 111 (1996), the plaintiff's motion for summary judgment (#116) is denied.
The Court
By Curran, J.